## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMIRE WARREN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3386 |
| | : | |
| DR. LITTLE, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                              **MAY 14, 2024**

*Pro se* Plaintiff Damire Warren appears to have abandoned this case. Accordingly, for the following reasons, the Court will dismiss this case for failure to prosecute.

## I.    PROCEDURAL HISTORY

Warren initiated this civil action by filing a Motion to Proceed *In Forma Pauperis*, a Complaint, and a Motion for Appointment of Counsel, all of which were dated August 28, 2023. (ECF Nos. 1-3.) At the time, he was incarcerated at SCI-Chester. On August 31, 2023, the Court sent Warren a "Notice of Guidelines for Representing Yourself (Appearing 'Pro Se') in Federal Court," which informed Warren, among other things, that he was obligated to keep his address current with the Court by filing a notice of change of address with the Clerk of Court within fourteen days of an address change. (ECF No. 4 at 2 (citing E.D. Pa. L. R. 5.1(b)).)

On September 7, 2023, the Court issued an order denying Warren's Motion to Proceed *In Forma Pauperis* without prejudice because he failed to provide a certified copy of his prisoner account statement in accordance with 28 U.S.C. § 1915(a)(2). (ECF No. 5.) The Order also advised Warren that if he failed to comply with the Order, the case may be dismissed without further notice for failure to prosecute. (*Id.*) The Order was mailed to Warren on September 8,

2023 at the address for SCI-Chester. Because he failed to submit the required document, Warren's case was dismissed for failure to prosecute on November 6, 2023. (ECF No. 6.)

Warren subsequently filed a Motion to Submit New *In Forma Pauperis* (ECF No. 7), as well as an application to proceed *in forma pauperis* and a copy of his prisoner trust fund account statement (ECF Nos. 8, 9). Consequently, by Order dated January 4, 2023, the Court directed the Clerk of Court to re-open this case, granted Warren *in forma pauperis* status, dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) the official capacity claims against Defendant N. Bourne, Unit Manager, and Defendant Dr. Paul Little, Medical Doctor, and directed the individual capacity claims against Defendant Bourne and Defendant Little to proceed to service. (ECF No. 10.) In anticipation of service by the U.S. Marshal Service, the Clerk of Court was directed to send a copy of the January 4, 2023 Order to Warren, together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 for each Defendant, and Warren was instructed to complete and return the forms. (*Id.*) A copy of the Order and USM-285 forms was sent to Warren at SCI Chester, but was returned on January 12, 2023 by the United States Postal Service with the notation "Inactive." (ECF No. 11.) A search of the Pennsylvania Department of Corrections' inmate locator website reflected that Warren was no longer incarcerated within that system.[1] Accordingly, in a February 15, 2024 Order, the

---

[1] Courts have held that release from prison does not relieve a prisoner of the obligation to pay an initial partial filing fee in accordance with the Prison Litigation Reform Act. *See Drayer v. Att'y Gen. of Del.*, 81 F. App'x 429, 431 (3d Cir. 2003) (*per curiam*) ("We agree with the District Court's reasoning that once [plaintiff's] fee obligations under the PLRA accrued, his subsequent release from prison did not relieve him of his obligation under the PLRA to pay the initial fee . . . ."); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); *see also Stewart v. Wackenhut Corr. Corp.*, No. 01-731, 2006 WL 1623268, at *1 (E.D. Pa. June 8, 2006). That initial partial filing fee is calculated based on the financial information in the plaintiff's prison account statement. So, Warren would still be obligated to submit his prison account statement in accordance with § 1915(a)(2), despite his release.

Court directed Warren to show cause within thirty days why the case should not be dismissed for failure to prosecute.  (ECF No. 12.)  The Court recognized Warren would not receive the Order at his old address, but explained that "if Warren intend[ed] to prosecute his case and contact[ed] the Clerk's Office about the status of his case, he [would] become aware of the Court's orders and [would] then be able to respond and provide a current address."  (*Id.* at 1-2 n.2.)  Warren has not responded to the February 14, 2024 Order and the time to do so has expired.  On May 1, 2024, the Postal Service returned the Order to the Court with the notation "No longer here. Remove from mailing list."  (ECF No. 13.)

## II.    DISCUSSION

Since the Court has no ability to contact Warren to determine whether he intends to proceed with this case, the Court will consider whether it is appropriate to dismiss this case for failure to prosecute.[2]  Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b).  "A District Court has the authority to

---

[2] Warren's Complaint raises claims, pursuant to 42 U.S.C. § 1983, against prison officials and employees at SCI Chester, based on an incident that happened on November 5, 2021.  (ECF No. 2.)  Warren alleged that despite his bottom bunk status, he was directed to sleep on the top bunk, was injured when he fell off the top bunk on November 5, 2021, and received inadequate medical treatment thereafter.  (ECF No. 2 at 12-17.)  Warren alleges that he exhausted his administrative remedies.  (*Id.* at 17.)  As it appears that the two-year statute of limitations *see* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (explaining that in § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose); *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015) ("[W]e have concluded that the PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies") has, by this point, expired with respect to some, if not all of Warren's claims — although the Court does not expressly decide this issue — any dismissal of this case would effectively be with prejudice.  *Harrison v. Coker*, 587 F. App'x 736, 740 n.5 (3d Cir. 2014) ("[T]he statute of limitations has run for all of the plaintiffs' claims, and therefore the dismissal is effectively one with prejudice.").  In other words, a dismissal without prejudice does not appear to be an option here.

dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."  *See Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several factors in reaching its decision, as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors").  *See, e.g.*, *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994).  However, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

Some courts have reasonably concluded that when a plaintiff has failed to keep his address current with the Court and therefore cannot receive and respond to court orders, his conduct renders adjudication impossible, such that an analysis of the *Poulis* factors is not required.  For example, in *McLaren v. New Jersey Dep't of Educ.*, the district court issued an order granting the *pro se* plaintiff leave to proceed *in forma pauperis*, but that order was returned by the Postal Service as undeliverable despite having been sent to the address the plaintiff provided.  462 F. App'x 148, 148 (3d Cir. 2012) (*per curiam*).  A notification that the complaint had been received was likewise returned.  *Id.*  Approximately five months after issuing its initial order, the district court "entered a notice of call for dismissal" pursuant to a local rule providing

4

for dismissal of a case after 120 days of inactivity; the notice was also returned as undeliverable. *Id.* at 148-49.  The district court subsequently dismissed the case without prejudice and the plaintiff appealed.  *Id.* at 149.

The United States Court of Appeals for the Third Circuit concluded that the district court appropriately dismissed the case without balancing the *Poulis* factors because the plaintiff's failure to provide an up-to-date mailing address and the consequent return of court orders as undeliverable left the district court with "little choice as to how to proceed."  *Id.* at 149.  In affirming the dismissal, the Third Circuit observed that,

> although courts are normally required to consider whether a lesser sanction would be appropriate, "[t]he district court could not contact [the plaintiff] to threaten [her] with some lesser sanction.  An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."

*Id.* (quoting *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1998)) (alterations in original). *McLaren* has been interpreted as permitting dismissal without considering the *Poulis* factors when a plaintiff cannot be contacted because he failed to keep his address current with the court. *See Crews v. Resnick*, No. 16-978, 2017 WL 1232182, at *1 (E.D. Pa. Apr. 4, 2017) ("[T]he plaintiff's failure to notify the court of his change of address would, in itself, warrant dismissal of this action without prejudice without considering the factors set forth in [*Poulis*]."); *Welch v. City of Philadelphia*, No. 11-4670, 2012 WL 1946831, at *3 (E.D. Pa. May 30, 2012) (concluding that analysis of *Poulis* factors was not required where "it appear[ed] that [plaintiff] left prison months ago and ha[d] not provided this Court or the Defendants with his current address"); *see also Brewington v. Tritt*, No. 15-1362, 2016 WL 1658332, at *2 (M.D. Pa. Apr. 5, 2016) (observing that the decision in *Welch*, interpreting *McClaren,* "aptly noted the conundrum faced by courts dealing with vanished litigants in the Rule 41(b) context; specifically, that the *Poulis* balancing test works best when a court can hear from both sides and then determine the

extent of the party's personal responsibility and whether the party acted in bad faith, a task made

difficult when Plaintiff has neither furnished an up-to-date address nor responded to his

opponents' allegations regarding his failure to prosecute." (internal quotations and alterations

omitted)), *report and recommendation adopted*, 2016 WL 1640008 (M.D. Pa. Apr. 26, 2016).

Most courts have nevertheless addressed the *Poulis* factors in an abundance of caution, so the

Court will take the same approach here.

  *Poulis* sets forth six factors to consider when determining whether to dismiss an action

due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or
> the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than
> dismissal, which entails an analysis of alternative sanctions; and (6) the
> meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted).  Not all of the *Poulis* factors must be satisfied in order for a

court to dismiss a complaint.  *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003);

*Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (*per curiam*).

  As to the first *Poulis* factor, the extent of the party's personal responsibility, it is

Warren's sole responsibility to prosecute his case and comply with Court orders.  *See Briscoe v.

Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally

responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff

personally responsible for delays in his case because a pro se plaintiff is solely responsible for

the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where

litigant was proceeding *pro se*, any failure to comply with orders was attributable to him).  As a

*pro se* litigant, Warren is likewise responsible for keeping his address current with the Court.

*See* Local Rule 5.1(b); *see also Carey*, 856 F.2d at 1441 (observing that "[a] party, not the

district court, bears the burden of keeping the court apprised of any changes in his mailing

address"); *Stephen v. United States Attorney Gen.*, No. 18-0615, 2020 WL 832914, at *3 (M.D. Pa. Jan. 10, 2020) ("With regard to the first *Poulis* factor, the responsibility to keep the Court informed of his current address was solely Plaintiff's."), *report and recommendation adopted,* 2020 WL 820192 (M.D. Pa. Feb. 19, 2020).  The docket reflects that Warren received the Court's standard notice informing him of his responsibility to keep his address current in accordance with Local Rule 5.1(b), and warning him that failure to do so "could result in Court orders or other information not being timely delivered, which may result in your case being dismissed for failure to prosecute . . . ."  (ECF No. 4 at 2.)  However, Warren has not updated his address with the Court and, accordingly, cannot receive Court orders or prosecute this litigation. This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, also weighs in favor of dismissal. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'"  *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984). "[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  *Ware,* 322 F.3d at 222.  It is unclear how this case could proceed without plaintiff's participation.  "Simply put, there is no way for Defendants to defend against Plaintiff's claims in his absence."  *Stephen*, 2020 WL 832914, at *3.  Accordingly, requiring any putative defendants to proceed in this context would be prejudicial.

The third factor, a history of dilatoriness, must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient."  *Briscoe*, 538 F.3d at 261.  In the instant case, while Warren failed to timely respond to the Court's September 7, 2023

Order directing him to file a copy of his prisoner account statement and the case was dismissed

without prejudice for failure to prosecute, he subsequently contacted the Court seeking to re-

open the case and provided the necessary information.  (ECF Nos. 7, 8, 9.)  However, Warren

has not provided the Court with an up-to-date address.  His failure to update his address suggests

an intention to abandon this case.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, is neutral

because the Court cannot say whether Warren's "failure to update his address was 'willful' or 'in

bad faith' because, given his unknown whereabouts, we cannot ask him."  *Welch*, 2012 WL

1946831, at *3; *see also El-Hewie v. Paterson Pub. Sch. Dist.*, No. 13-5820, 2015 WL 5306255,

at *4 (D.N.J. Sept. 10, 2015) (where a litigant "has been silent, and that silence is ambiguous"

the court could not conclude that litigant acted willfully or in bad faith for purposes of the fourth

*Poulis* factor).  However, Warren was made aware of his obligation to keep his address current

with the Court via the Court's standard notice to unrepresented litigants, and has failed to do so.

Nevertheless, on this record, Warren's failures are more consistent with negligence or

inadvertence as opposed to bad faith.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal,

reveals that no other sanction would be effective because Warren is proceeding *pro se*, is likely

unable to pay monetary sanctions given his request to proceed *in forma pauperis*, and because

the Court has no way of imposing those sanctions without the ability to contact Warren.  *See*

*Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (*per curiam*) ("Because Adonai–

Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of

alternative sanction."); *see also McLaren*, 462 F. App'x at 149 ("[A]lthough courts are normally

required to consider whether a lesser sanction would be appropriate, the district court could not

contact the plaintiff to threaten her with some lesser sanction." (internal citations and alterations

omitted)); *Lear v. Dahaus*, No. 03-1156, 2006 WL 1508667, at *3 (W.D. Pa. May 31, 2006) ("The fifth *Poulis* factor weighs in favor of dismissal for failure to prosecute, given that Plaintiff cannot be contacted, it is difficult to see how any lesser sanction, of which Plaintiff cannot be made aware, would serve the interests of justice or judicial economy.").

Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery. *See Poulis*, 747 F.2d at 869-70. Warren generally asserts violations of his constitutional rights, as well as state law claims. At this early stage of the litigation, based solely on the Complaint, it is possible that at least some of Warren's claims against some of the named Defendants may have merit. However, if Warren cannot be reached by the Court or the defendants once they are joined, it not possible to move this litigation forward. *See Welch*, 2012 WL 1946831, at *4 ("[W]hen neither the Court nor opposing counsel can reach the plaintiff because he has not furnished an up-to-date address (as is the case here), and when plaintiff has not responded to his opponents' allegations regarding his failure-to-prosecute (also the case here), we have no choice but to act on the information before us; Plaintiff has, in essence, made adjudication of the case impossible."). A plaintiff must pursue his claims, rather than abandon them, if he is to recover. Warren's conduct is simply "incompatible with maintaining a lawsuit." *Stephen*, 2020 WL 832914, at *4; *Smith v. Atlas Fitness Incorporation Sys.*, No. 10-1021, 2011 WL 3608601, at *3 (M.D. Pa. July 20, 2011) ("Since no party is actively litigating this case at present it is impossible to assess what merit, if any, there may be to these claims."), *report and recommendation adopted*, 2011 WL 3608594 (M.D. Pa. Aug. 16, 2011).

## III.     CONCLUSION

For the foregoing reasons, upon balancing the *Poulis* factors, the Court finds that they weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for

Warren's failure to prosecute.  Simply put, there is no way for this litigation to proceed without

Warren's participation.  An Order follows, which dismisses this case.

**BY THE COURT:**


**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, J.**